**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SKYBLUEPINK CONCEPTS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WOWWEE USA, INC., WOWWEE )<br>CANADA, INC., and WOWWEE GROUP, )<br>LIMITED, )<br>)<br>Defendants. ) | Case No. 12 C 7573 |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On October 2, 2012, Plaintiff SkyBluePink Concepts, LLC ("SBP Concepts") filed the present Amended Complaint alleging common law claims of breach of contract, breach of implied contract, and quantum meruit/unjust enrichment against Defendants WowWee USA, Inc., WowWee Canada, Inc., and WowWee Group, Limited pursuant to the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. Before the Court is Defendant WowWee USA's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For the following reasons, the Court denies WowWee USA's Rule 12(b)(2) motion.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant. *See* Fed.R.Civ.P. 12(b)(2). In ruling on a Rule 12(b)(2) motion, courts may consider matters outside of the pleadings. *See Purdue Research Found. v. Sanofi–Sythlabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). When a district court determines a Rule 12(b)(2) motion based on the submission of written materials without holding an

evidentiary hearing, the plaintiff must make a prima facie case of personal jurisdiction. *See uBID, Inc. v. GoDaddy Grp., Inc.,* 623 F.3d 421, 423-24 (7th Cir. 2010); *GCIU–Emp'r Ret. Fund v. Goldfarb Corp.,* 565 F.3d 1018, 1023 (7th Cir. 2009). Under such circumstances, the plaintiff bears the burden of establishing that personal jurisdiction exists. *See uBID, Inc.,* 623 F.3d at 423-24. In determining whether the plaintiff has met its burden, courts must resolve all factual disputes in the plaintiff's favor. *See GCIU–Emp'r Ret. Fund,* 565 F.3d at 1020 n.1. Courts, however, accept as true any facts contained in the defendant's affidavits that the plaintiff does not refute. *See id.*; *see also Purdue Research Found.,* 338 F.3d at 783 (if the defendant submits affidavits or other evidence in opposition to the plaintiff's motion, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction").

## BACKGROUND

In its Amended Complaint, SBP Concepts alleges that it is a limited liability company organized and existing under the laws of the State of Illinois with its sole office in Illinois. (R. 5, Am. Compl. ¶ 1.) SBP Concepts is a marketing consulting firm with extensive experience in the toy industry and the sole member of SBP Concepts is Marc Rosenberg. (*Id.* ¶¶ 1, 2.) Further, SBP Concepts explains that it typically serves in place of a Chief Marketing Officer and has broad responsibilities, such as product packaging and presentation on retail shelves, providing contacts with retailers, toy buyers and media buyers, and developing integrated marketing campaigns. (*Id.*) WowWee USA is a corporation organized and existing under the laws of the State of California with its principal place of business in California. (*Id.* ¶ 3.) SBP Concepts alleges that Defendants are commonly owned and/or closely affiliated entities and that WowWee Group holds out its Hong Kong office as the Group's "headquarters," and holds out WowWee

USA and WowWee Canada as its "regional offices." (*Id.* ¶ 6.) The WowWee Defendants design, develop, manufacture, market, and distribute a broad variety of toys, including hi-tech consumer robotic and entertainment products, some of which connect to "app" related devices, and these products are sold throughout the world, including North America, and specifically within this judicial district. (*Id.* ¶ 7.)

In or about June 2009, the WowWee Defendants engaged SBP Concepts to assist them with their promotion and marketing of their consumer electronic line of products, including "Paper Jamz," which is a product line of electronic toy instruments. (*Id.* ¶ 11.) SBP Concepts alleges that the parties agreed to a one-year engagement with a base fee for the year of $500,000, payable in six installments. (*Id.* ¶ 12.) Due to a successful promotional campaign, the parties entered into another one-year engagement in 2010. (*Id.* ¶¶ 14, 15.) In November 2011, with SBP Concepts' engagement set to expire at the end of February 2012, the parties once again agreed to another one-year engagement on substantially similar terms, except the base fee was reduced to $400,000. (*Id.* ¶ 17.) The WowWee Defendants paid $200,000 of the $400,000 due and owing to SBP Concepts for services rendered beginning on March 1, 2012. (*Id.* ¶ 19.) SBP Concepts alleges that the WowWee Defendants failed to pay the installment due to SBP Concepts on September 1, 2012 and failed to reimburse SBP Concepts for expenses that were payable in August 2012. (*Id.* ¶ 20.)

## ANALYSIS

Where, as here, a court's subject matter jurisdiction is based on diversity of citizenship, courts may exercise personal jurisdiction over a defendant only if personal jurisdiction would be proper in an Illinois court. *See Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir. 2002). "A

state's exercise of personal jurisdiction is also subject to the demands of the Fourteenth Amendment's due process clause" and "[b]ecause Illinois permits personal jurisdiction if it would be authorized by either the Illinois Constitution or the United States Constitution, the state statutory and federal constitutional requirements merge." *uBID, Inc.,* 623 F.3d at 425. Looking to the federal constitutional requirements, it is well-established that the due process test for personal jurisdiction requires that a defendant have minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citations omitted). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

Two types of personal jurisdiction exist — general and specific. *See Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Felland v. Clifton,* 682 F.3d 665, 673 (7th Cir. 2012). "General jurisdiction is for suits neither arising out of nor related to the defendant's contacts with the State, and is permitted only where the defendant conducts continuous and systematic general business within the forum state." *GCIU–Emp'r Ret. Fund,* 565 F.3d at 1023; *see also Helicopteros Nacionales de Colombia,* 466 U.S. at 416. As the Seventh Circuit teaches, general jurisdiction "means that the defendant can be required to answer any claim that arose anywhere in the world, requir[ing] that the defendant be 'essentially at home' in the forum." *Abelesz v. OTP Bank,* 692 F.3d 638, 651 (7th Cir. 2012) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown,* ___ U.S. ___, 131 S.Ct. 2846, 2851,

4

180 L.Ed.2d 796 (2011)). On the other hand, "[s]pecific personal jurisdiction is appropriate when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assoc. of Houston Metroplex, P.A.,* 623 F.3d 440, 444 (7th Cir. 2010); *see also Abelesz,* 692 F.3d at 654 ("Specific jurisdiction is jurisdiction over a specific claim based on the defendant's contacts with the forum that gave rise to or are closely connected to the claim itself."). The Court turns to whether SBP Concepts has established specific jurisdiction in the context of its breach of contract claims because it is dispositive.

**I.      Minimum Contacts — Specific Jurisdiction**

In its motion to dismiss, WowWee USA argues that there is no relationship among itself, this litigation, and the State of Illinois. In general, WowWee USA maintains that it is a Delaware corporation with its principal place of business in California, and that it has no operations, employees, or offices in Illinois. Also, WowWee avers that it pays no Illinois taxes, owns no real estate in Illinois, conducts none of its importing or wholesaling operations out of Illinois, and has never sued or been sued in Illinois. It contends that no WowWee USA representative ever traveled to Illinois to negotiate the parties' marketing contract, but that Rosenberg, SBP Concept's sole member, traveled to San Diego, California, and Canada to negotiate the parties' contract and traveled to Hong Kong to further the parties' contract. WowWee thus asserts that "Illinois' only role in this matter arises out of the unilateral activity of Mr. Rosenberg in choosing to reside and organize SBP Concepts in the state of Illinois." (R. 11, Opening Brief, at 3.) Accordingly, WowWee USA argues that it does not have sufficient minimum contacts with Illinois and any exercise of personal jurisdiction would fail to comport

with traditional notices of fair play and substantial justice.

On the other hand, SBP Concepts maintains that WowWee USA has had substantial contacts with Illinois that bear a relationship to the parties' marketing contract, the performance of the contract, and WowWee USA's breach of the contract. Specifically, SBP Concepts provides the declaration of Jeffrey Jones, the former Vice President of WowWee USA and its subsidiary Thinkwow Toys. (R. 19, Ex. 2, Jones Decl. ¶¶ 1,2.) Jones, who was Vice President between November 2008 and March 2012, avers that his primary responsibility was to lead the development of certain product lines. (*Id.* ¶ 3.) He further asserts that two of the biggest retailers for the Paper Jamz line of toys were Walgreens, based in Deerfield, Illinois, and Kmart, which is headquartered in Hoffman Estates, Illinois. (*Id.* ¶ 5.) In addition, Jones avers that after WowWee USA engaged SBP Concepts to assist with WowWee USA's marketing efforts, he met with or spoke to Marc Rosenberg, its principal, on a daily basis in his capacity as the Vice President of Product Development. (*Id.*) Jones, who worked from a home office in Deerfield, Illinois, further states that he made sales calls with Rosenberg to Walgreens, Kmart, and other retailers in Illinois on behalf of WowWee USA. (*Id.* ¶ 6; R. 25, Ex. A, Jones Supp. Decl. ¶ 2.) Jones' business cards reflect that WowWee's regional office was located in Deerfield, Illinois and WowWee USA's quarterly filings with the Illinois Department of Employment Security lists Jones' Deerfield, Illinois address as WowWee USA's address. (Jones Supp. Decl. ¶ 2.) Further, Jones avers that Art Janis, another employee of WowWee USA, regularly traveled to Illinois for sales and marketing meetings. (Jones Decl. ¶ 8.) SBP Concepts also provides the Court with copies of e-mail communications and telephone calls that WowWee USA directed to Rosenberg

in Illinois concerning the parties' ongoing marketing agreements.[1]  (R. 19, Ex. 1, Attach.)

It is well-established that contracting with an out-of-state party does not, by itself, establish sufficient minimum contacts with the other party's forum.  *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478-79, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).  Rather, the Court must view "the contract in the context of the entire transaction of which it is a part." *Id.*  In this regard, the Seventh Circuit has instructed that in determining whether specific jurisdiction exists in a breach of contract case, the district court considers the dealings between the parties with respect to the disputed contract in its minimum contacts analysis.  *See Hyatt,* 302 F.3d at 717; *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1277 (7th Cir. 1997).  More specifically, district courts must determine whether "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" indicate "the purposeful availment that makes litigating in the forum state foreseeable to the defendant." *RAR,* 107 F.3d at 1277 (citing *Burger King*, 471 U.S. at 478–79).

Resolving all factual disputes in SBP Concept's favor, SBP Concepts has set forth a prima facie showing that WowWee USA had sufficient contacts with Illinois related to its marketing agreements with SBP Concepts.  While it is true that no WowWee USA representative

---

[1] WowWee USA argues that SBP Concept's copies of e-mail communications and telephone calls are inadmissible hearsay.  The Court disagrees.  In his declaration, Marc Rosenberg averred that he communicated with WowWee representatives in Illinois, California, Canada, and Hong Kong via email and the telephone in the normal course of business. (Rosenberg Decl. ¶¶ 16-18.)  Accordingly, these documents fall under the business records exception pursuant to Federal Rule of Evidence 803(6).  *See, e.g., Komal v. Arthur J. Gallagher & Co.,* 833 F.Supp.2d 855, 859 (N.D. Ill. 2011).  Furthermore, statements made by WowWee management are not hearsay, but admissions by a party-opponent pursuant to Federal Rule of Evidence 801(d)(2).  *See, e.g., United States v. Hanjuan Jin,* 833 F.Supp.2d 957, 969 (N.D. Ill. 2011).

came to Illinois to negotiate the terms of the parties' marketing agreements, WowWee USA purposely availed itself to Illinois after the parties' negotiated their first agreement in 2009. The record, for example, reveals that a significant part of the performance of the parties' yearly agreements took place in Illinois. To clarify, WowWee USA's former Vice President of Product Development, who was located in Deerfield, Illinois, averred that he met with or spoke to SBP Concept's Rosenberg on a daily basis during the relevant time period. He further averred that Rosenberg and he made sales calls together to Illinois-based Walgreens and Kmart — two of the larger retailers for the Paper Jamz line of toys. (Jones Decl. ¶ 5; R. 25, Ex. B, Rosenberg Supp. Decl. ¶ 2.) Moreover, WowWee USA had a presence in Illinois via Jones because it used Jones' Deerfield, Illinois address as its address in its quarterly filings with the Illinois Department of Employment Security.

When WowWee USA's representatives were not in Illinois, they communicated with Rosenberg via e-mail and telephone calls regarding SBP Concept's marketing of the WowWee products throughout the parties' ongoing business relationship. In particular, Richard and Peter Yanofsky, senior management at WowWee USA, discussed detailed marketing strategies with Rosenberg via email. Throughout the parties' business relationship, Rosenberg also communicated via email to the entire management team. In fact, WowWee USA admits that its discussions with SBP Concepts took place on the telephone and by email, and, it is well-settled in Illinois that "[w]here a relationship is naturally based on telephone and mail contacts, these contacts can justify jurisdiction over a defendant." *Heritage House Rest., Inc. v. Continental Funding Group, Inc.,* 906 F.2d 276, 281 (7th Cir. 1990); *see also Purdue Research Found.,* 338 F.3d at 781 (if "a commercial defendant's efforts are directed toward a particular jurisdiction, the

8

fact that the actor did not actually enter the jurisdiction is not of crucial importance.").

Hence, considering the quality and the nature of WowWee USA's conduct directed at Illinois, WowWee USA's contacts were not random, fortuitous, or attenuated in relation to WowWee's marketing contracts with SBP Concepts. *See Burger King*, 471 U.S. at 474-75. Instead, WowWee USA had a real relationship with the State of Illinois in respect to its engagement with SBP Concepts. Therefore, specific personal jurisdiction exists over this breach of contract dispute. *See Vasilj v. Duzich,* No. 07 C 5462, 2008 WL 2062371, at *4 (N.D. Ill. May 13, 2008) ("by purposefully reaching out to the state of Illinois and conducting business with an Illinois citizen, Defendants were on notice that they may be subject to suit in this state.") (citing *World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

## II. Traditional Notions of Fair Play and Substantial Justice

The next question is whether asserting personal jurisdiction over WowWee USA would offend "traditional notions of fair play and substantial justice." *See International Shoe,* 326 U.S. at 316. In other words, federal due process requires that the Court's exercise of personal jurisdiction over WowWee USA is constitutionally reasonable. *See Burger King,* 471 U.S. at 476-78. In making this determination, the Court considers "the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in efficiently resolving controversies, and the shared interest of the states in furthering fundamental substantive social policies." *uBid,* 623 F.3d at 432 (citing *Burger King,* 471 U.S. at 476). In fact, because WowWee USA purposely directed its activities to Illinois, as discussed above, it "must present a compelling case

9

that the presence of some other considerations would render jurisdiction unreasonable." *Burger King,* 471 U.S. at 477. WowWee USA has failed to present any such compelling explanation and after weighing the *Burger King* considerations, haling WowWee USA into an Illinois court would be both fair and reasonable.

First, because "'modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity,' it usually will not be unfair to subject him to the burdens of litigating in another forum for disputes relating to such activity." *Burger King,* 471 U.S. at 474 (quoting *McGee v. Int'l Life Ins. Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)). Indeed, due to WowWee's interaction with SBP Concepts and its continued interaction with the State of Illinois (*see* Rosenburg Decl. ¶¶ 26, 28), there is little burden on WowWee USA's ability to defend this lawsuit in Chicago. *See Dehmlow v. Austin Fireworks,* 963 F.2d 941, 945 (7th Cir. 1992). In short, the burden on WowWee USA is minimal because it is a corporation with a broad reach throughout North America and it markets its products on a nation-wide scale. *See uBid,* 623 F.3d at 432.

Next, Illinois has a "significant interest in providing a forum for its residents to seek relief when they suffer harm in Illinois from a wrong that occurred at least in part in Illinois." *Id.* In other words, " [a] state has an interest in providing its residents with a forum for redressing harms caused by an out-of-state actor, particularly where the out-of-state actor has 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Citadel Group Ltd. v. Washington Reg'l Med. Ctr.,* 536 F.3d 757, 761 (7th Cir. 2008) (citations omitted). Thus, under the circumstances,

10

the Court's exercise of personal jurisdiction over WowWee USA is in Illinois' interest in adjudicating this contract dispute and SBP Concept's interest in obtaining convenient and effective relief. As such, exercising jurisdiction in this matter does not offend "traditional notions of fair play and substantial justice." *See International Shoe,* 326 U.S. at 316.

## CONCLUSION

For these reasons, the Court denies WowWee USA's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(2). The Court denies SBP Concept's request for Rule 11 sanctions — made in its response brief — as unsubstantiated.

**Dated:** March 13, 2013

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**